UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------x

THE STATE OF NEW YORK,

              -against-

KIMBERLY WILLIAMS,

                    Defendant.

--------------------------------------x

**MEMORANDUM & ORDER**
25-CV-5991 (EK)(PCG)

ERIC KOMITEE, United States District Judge:

On September 24, 2024, Kimberly Williams was driving on Highway 287 at around 7:30 a.m. when a police officer stopped her vehicle. Notice of Removal 38, ECF No. 1.[1] The officer issued a citation to Williams for driving in the high-occupancy vehicle ("HOV") lane. *Id.* The State of New York subsequently initiated criminal proceedings related to this incident against Williams in the Supreme Court for Richmond County — though the Court is unable to ascertain the details of those proceedings from Williams's submission. *Id.* 2.

Representing herself, Williams now seeks to remove the criminal state action to federal court. Williams challenges the authority of the "Fictious Entity State of New York," *id.* at 2-3, and contends that the traffic stop violated both the Fourth Amendment and her "fundamental Right to travel." *Id.* at 38-39.

---

[1] The following factual allegations are drawn from the complaint and are presumed true for purposes of this order. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

For the following reasons, Williams' case is dismissed with prejudice.[2]

## I.    Legal Standard

"It is well established that the submissions of a *pro se* litigant must be construed liberally and interpreted to raise the strongest arguments that they suggest." *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (emphasis omitted).[3]  Still, a *pro se* litigant is not exempt from "compliance with relevant rules of procedural and substantive law." *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983).

A district court will dismiss an *in forma pauperis* action if it concludes that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2)(B).

## II.    Discussion

Williams's notice of removal is procedurally defective.  First, although Williams says that she included a "copy of all process, pleadings, and orders served upon [her]"

---

[2] Ordinarily, if a removed case cannot proceed in federal court, we would remand it to the state.  But Williams has provided no state court documents or case information that would allow us to do so, and the Court has not been able to identify any pending case associated with the index numbers that Williams provided.  Accordingly, we dismiss. *See, e.g.*, *New York v. Vidal-Bey ex rel. Jones-Rogers*, No. 22-CV-3529, 2022 WL 2872668, at *3 n.2 (E.D.N.Y. July 21, 2022) (following the same course of action).

[3] Unless otherwise noted, when quoting judicial decisions this order accepts all alterations and omits all citations, footnotes, and internal quotation marks.

in state court, as required under 28 U.S.C. § 1446(a), Notice of Removal 2, no such documents are attached to the notice of removal.  Additionally, Williams did not comply with the requirement that any notice of removal be filed "within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief." 28 U.S.C. § 1446(b)(1).  According to the removal notice, the state court action was "commenced on or about September 24, 2024," *see* Notice of Removal 2, but she did not seek to remove it until October 24, 2025 — more than a year later.  "Failure to file within the thirty-day filing period leads to an automatic defeat of the removal petition."  *U.S. Bank Nat'l Ass'n v. Harris*, No. 18-CV-6940, 2018 WL 6624192, at *2 (E.D.N.Y. Dec. 18, 2018) (collecting cases).

Even if these procedural deficiencies could be cured, however, Williams still has not identified a basis for removal. "The ability to remove a criminal action to a federal district court is very limited."  *Torres v. New York*, No. 23-CV-9380, 2024 WL 22088, at *2 (S.D.N.Y. Jan. 2, 2024).  The defendant must allege either that she is a federal officer or a member of the armed forces, 28 U.S.C. §§ 1442(a), 1442a, or that she is being "denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States."  28 U.S.C. § 1443(1); *see also*

3

*Johnson v. Mississippi*, 421 U.S. 213, 219 (1975) (providing two-prong test for removal under this provision).  Williams makes no such allegations, instead challenging the legitimacy of the state court system.  *See* Notice of Removal 5-7.  That is not a basis for removal.

Furthermore, to the extent that Williams's papers raise claims under Section 1983 for the State's violation of her right to travel and her right to be free from unreasonable search and seizure, *see* Notice of Removal 38-40, those claims must be dismissed.  "[A] state cannot be sued under § 1983." *Komlosi v. New York State OMRDD*, 64 F.3d 810, 815 (2d Cir. 1995).

### III. Conclusion

For the foregoing reasons, Williams is granted *in forma pauperis* status, but her federal case is dismissed with prejudice.  *See McKie v. Kornegay*, No. 21-1943, 2022 WL 4241355, at *3 (2d Cir. Sept. 15, 2022) (dismissal of a *pro se* complaint without leave to amend is appropriate "where the complaint gives no indication that a valid claim might be stated").

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore denies *in forma pauperis* status for the purpose of an appeal.  *Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).  The Clerk of Court is directed to mail a

copy of this order to Williams, note the mailing on the docket, and close this case.

SO ORDERED.

/s/ Eric Komitee

ERIC KOMITEE
United States District Judge


Dated:    May 5, 2026
          Brooklyn, New York